We have a bail appeal, so we'll hear the bail appeal first. Versus Haynes Talugaru. Thank you very much, Your Honor. May it please the Court. My name is Thomas Nutter, and I'm standing in for the principal defense attorney in this case who was unavailable today. My role was actually supposed to just be immigration law advisor. The standard on this bail appeal, I think everybody agrees, is a clearly erroneous standard. And what we submit is that Judge Swain committed, in effect, two errors which are clear enough for this Court to order a remand, I think, for her to reconsider these aspects. The first was related to the immigration aspects. At the point where the bail application was being handled before Judge Swain, it was not all that clear to everybody what the status was of the defendant who had a pending asylum application and that application which has been submitted to this Court. The question was whether he was here illegally, I suppose? Right. Exactly. And as we explained in the reply brief here that I mostly wrote, once he filed his asylum application, was placed in proceedings, he then has the status of being able to stay here, is available to get a work permit after six months, which he did get pending his hearing, which is not scheduled till, I believe, June of 2021. What's significant is the issue of whether if he is convicted in this case, what would happen with the asylum application. As we explain, his application for direct asylum, or probably withholding under the categories of the five kinds of persecution one might face, would probably be precluded by the particularly serious crime rule. But a CAT claim, a Convention Against Torture claim, would not. And it's clear in his original asylum application that he made out the assertions necessary for a CAT claim, including governmental nexus in Romania. And therefore, no matter what happens in this criminal case, he would still end up being able to seek deferral of removal. It's, in a sense, the lowest standard an issue of an order of removal is issued, but it is deferred because he can't be sent back to a country to which he might be tortured. And the claim seems actually fairly credible, but that would be up to an immigration judge. The other error that I would mention is that just before Judge Swain issued her opinion, the pretrial services office of this district, of the Southern District, changed its position on whether he would be a flight risk or not, based on their understanding that the they were wrong about his immigration status. Roberts. Sotomayor is substantial evidence that he committed the crime. He's on video or in photographs. There is substantial exposure. I mean, how is this an abuse of discretion? Whether he's, regardless of his status, he's got substantial ties to Romania? There's no question that many of the factors in the case militate against the release on bail, but it all has to be taken together and weighed together. And if it's weighed improperly against the things that, in fact, might be favorable to him, then I would suggest that's an error that simply should just be sent back so that she could consider more fully both the actual immigration situation and how that impacts a risk of flight, and also to clarify whether, when she stated that he had fled from Romania, if she was somehow considering that as being a prior flight when, in fact, what he was doing was trying to protect his life. I mean, I'm just looking at the findings on page 187 of the appendix. You just said he's a person who is in the United States and applying for asylum as a result of flight. I mean, that seems like just a statement of fact, like he fled Romania. I think she probably got that right. My colleagues sort of thought it was a little ambiguous. But I don't think it was ever really clear to what extent he would still be able to maintain an immigration application, even if he loses in this case and gets a great deal of time. I do a lot of those cases. It's kind of a discussion. And I very much appreciate your clarifying that point. But my question would be looking at the findings that the district court made. I don't see, but tell me if I'm missing it, a point where the judge misperceived the possible consequences of a conviction on his immigration status. Did she say that if convicted, he would be precluded from staying in the United States? I mean, I guess I'm looking for, you argue that there's a clearly erroneous factual finding. Yes. But I don't see that in the record. What I think I hear you saying is that maybe it's a little bit different. Everyone was operating on the unstated assumption that. That is exactly what I'm saying. She never really spelled out how what she thought the immigration status was impacted her decision. But that's why we're asking for a remand. And then again, with the pretrial services changing its position, but then it was never fleshed out what their position would be, what they would recommend in terms of conditions. She just went on to issue the decision that she had obviously decided. We'll hear from the government. Thank you. You have some time for rebuttal. May it please the court. My name is Sam Rothschild. I'm an assistant United States attorney in the Southern District of New York. And I represent the United States in this appeal and in the court below. This court should affirm Judge Swain's detention order because she did not clearly err by concluding that the government showed by preponderance of the evidence both that this defendant presents a serious risk of flight and that no combinations of conditions could reasonably assure his appearance. Under the deferential clear error standard, this court reverses a detention decision only if it has a definite and firm conviction that a mistake has been made. And here, Judge Swain made no mistake at all. She properly considered the relevant statutory factors, all of which point in the same direction here. This defendant poses a serious flight risk, and no conditions of release could address that risk. First, the weight of the evidence is overwhelming and essentially irrefutable, as Judge Chin noted. Consists of ATM surveillance footage, pictures on the defendant's own phone of the fruits and instrumentalities of ATM skimming. Notably, the defendant has raised no argument against that ground for detention. Second, the nature and circumstances of the offense, counsel in favor of detention. The essence of this case is ATM skimming, which fundamentally involves identity theft. This is a defendant who has no compunction about stealing people's identities, making him a serious flight risk that no conditions of release could address. This defendant has time and again demonstrated himself to be a risk taker. He would often brazenly participate in both the data capturing phase and the cashing out phase of a single ATM skimming job, highlighting his lack of trustworthiness. What about the suggestion that the district court misunderstood or misapprehended the immigration status of the defendant? Yes, Your Honor, I don't believe there was any misapprehension here. Judge Swain acknowledged that his pending asylum applications gave him some species of legal status in this country. No one, the government certainly did not argue below that his CAT claim would be per se denied if he were convicted of the offenses here. All that the government represented was that a conviction in this case would likely have some impact on the asylum application. From the record, as Judge Sardini pointed out, Judge Swain took all of that into account. So I don't believe there was any misapprehension of the immigration status or the consequences of a conviction on the asylum applications here. This defendant's part of an ATM skimming organization whose members have used false passports and the government has documented evidence of that. Members of the skimming organization are abroad and at large, and until the government has apprehended all of them, they're available to help this defendant flee abroad. And the final statutory factor that's relevant here is the defendant's history and characteristics, which also weigh in favor of detention. This is a defendant who had burner phones and has used encrypted communications to evade law enforcement detection. He's demonstrated repeated ready access to bulk amounts of cash. And for all these reasons, the government believes he presents a serious risk of flight unless the court has further questions. We'd rest on our submission and respectfully request that the court affirm the detention order. Okay, thank you. Thank you very much. Unless I misheard, I believe that the standard before Judge Swain would be that the government has to show by a preponderance of evidence that the defendant is not at risk of flight because this is not a presumption case. I think if I misheard that my colleague say otherwise, then I apologize. I would just also point out that the government's position is this is such an overwhelming case, but it's not a case about which reasonable minds can't disagree. The judge in Florida who had pretty much all this same evidence, including some testimony by an agent who came down from New York to testify at the bail hearing, found that he could be released on a set of conditions that she found would be reasonable to ensure his return. So while I agree that in some respects this may be a case where it's likely he would lose and likely that he would get time in prison, I don't think that should be enough to in fact prevent a bail from being issued in every case like that. So basically my bottom line is just that I think that it should be remanded so Judge Swain can reconsider these several aspects that I don't think are fully fledged. I mean, you can always ask her to reconsider. The standard here is whether she abused her discretion on what was before her at the time. If you think that nobody was aware at the time of what the repercussions might be for asylum or immigration status, why don't you just raise it again with Judge Swain? Make a new motion for bail. That's what I would have done, Judge, but I'm. There's nothing that prevents you or Ms. Schellow from doing that. But I don't think it's an abuse of discretion standard. I think it's just a clearly erroneous. I don't think clearly erroneous is the same as abusing discretion. All right, but for the relief you're seeking, you're not prevented from pursuing now in front of Judge Swain, right? It's true. What I fear is that if the court were simply to deny it, she may feel that that's kind of law of the case or something that it would be then much harder to overcome as opposed to simply a remand to allow her to reconsider these things or consider them more fully. Thank you. Thank you very much.